FILED

UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA 2015 MAR 26  P 2 40
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLA
JACKSONVILLE, FLA

ROYAL CARIBBEAN CRUISES LTD.,

    Plaintiff,

v.

royalcaribean.com and royalcarribean.com

    Defendants.

CIVIL ACTION NO.:

3:15-cv-381-J-asmce

**JURY TRIAL DEMANDED**
**INJUNCTIVE RELIEF SOUGHT**

## PLAINTIFF ROYAL CARIBBEAN CRUISES LTD.'S COMPLAINT

1.    The plaintiff, Royal Caribbean Cruises Ltd. ("Royal Caribbean"), brings this Complaint for *in rem* injunctive relief under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") against the Internet domain names "royalcaribean.com" and "royalcarribean.com" (collectively, the "Defendant Domain Names"), as follows:

### INTRODUCTION

2.    Royal Caribbean owns the distinctive ROYAL CARIBBEAN trademark (US Reg. No. 1,397,148). Royal Caribbean has registered the domain name ROYALCARIBBEAN.COM and operates its core ROYAL CARIBBEAN website under that domain name.

3.    The Defendant Domain Names exploit common misspellings of the word Caribbean -- consisting of "Carribean" and "Caribean" – to misdirect potential customers away from Royal Caribbean's website. The Defendant Domain Names thereby wrongfully

profit from the goodwill and reputation of Royal Caribbean and its distinctive ROYAL

CARIBBEAN Mark.

4.      The registrant of the Defendant Domain Names is located in the Republic of

India.

5.      Accordingly, under ACPA and this Court's *in rem* jurisdiction, Royal

Caribbean requests an order that will transfer to it the Defendant Domain Names.

## PARTIES

6.      The plaintiff, Royal Caribbean, is a Liberian corporation having its principal

executive offices at 1050 Caribbean Way, Miami, Florida 33132.

7.      The defendants are the Internet domain names "royalcaribean.com" and

"royalcarribean.com." The registrar for each of the Defendant Domain Names is Network

Solutions, LLC ("Network Solutions"), and the registrant is Joseph Bindu ("Bindu").

Attached as Exhibit 1 are true and correct copies of WHOIS domain registration information

for the Defendant Domain Names, identifying (a) Network Solutions as the registrar, and (b)

Bindu as the registrant.

## JURISDICTION AND VENUE

8.      This is an action for trademark infringement arising under the

Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). This Court has subject

matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9.      This court possesses *in rem* jurisdiction over the Defendant Domain Names.

10.     First, as required by 15 U.S.C. §1125(d)(2)(A), the registrar for each of the Defendant Domain Names, Network Solutions, is located in this Judicial District.  Attached as Exhibit 2 are certified copies of (i) Network Solutions' Application By A Foreign Limited Liability Company For Authorization To Transact Business In Florida, and (ii) Network Solutions' 2013 and 2014 Foreign Limited Liability Company Annual Report filed with the Delaware Secretary of State, each of which confirms that Network Solutions' principal place of business is in Jacksonville, Florida.

11.     Second, as required under section 1125(d)(2)(A)(i), the Defendant Domain Names infringe Royal Caribbean's rights in the ROYAL CARIBBEAN Marks.

12.     Third, under section 1125(d)(2)(A)(ii)(I), the registrant of the Defendant Domain Names, Bindu, purports to reside in the Republic of India, *see* Exhibit 1, and on information and belief, this Court lacks personal jurisdiction over him.  In addition, under section 1125(d)(2)(A)(ii)(I), on information and belief, there is no other person that would be a proper defendant in a civil action under 15 U.S.C. §1125(d)(1).

13.     In conjunction with filing this Complaint, Royal Caribbean is moving for issuance of an Order Authorizing Service of Process.  Out of concern that Bindu will transfer registration of the Defendant Domain Names to a foreign registrar -- and thereby remove this Court's *in rem* jurisdiction -- Royal Caribbean has not put Bindu on notice of this Complaint, as permitted under 15 U.S.C. §1125(d).

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 15 U.S.C. § 1125(d)(2)(C)(i).

## FACTUAL BACKGROUND

**A.   Royal Caribbean Provides World Renowned Cruise Services under its ROYAL CARIBBEAN Trademark.**

15.    Royal Caribbean offers -- and has offered continually since 1968 -- world class, renowned, and innovative cruises under its ROYAL CARIBBEAN trademark.

16.    On June 10, 1986, Royal Caribbean registered the ROYAL CARIBBEAN word mark (US Reg. No. 1,397,148) under class 39 for "arranging and conducting cruises for others."

17.    On December 10, 1991, Royal Caribbean registered the ROYAL CARIBBEAN CRUISES LTD. word mark (US Reg. No. 1,667,873) under class 39 for "cruise ship services; transportation of passengers by ship."

18.    On November 28, 2000, Royal Caribbean registered the ROYAL CARIBBEAN INTERNATIONAL design mark (US Reg. No. 2,408,022) under class 39 for "cruise ship services; arranging and conducting cruises for others; transportation of passengers by ship." True and correct copies of the registration certificates for each of these "ROYAL CARIBBEAN Marks" are attached hereto as Exhibit 3.

19.    The ROYAL CARIBBEAN Marks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065. Royal Caribbean actively polices unauthorized use of its ROYAL CARIBBEAN Marks, both in the United States and internationally.

20.    Royal Caribbean uses its ROYAL CARIBBEAN Marks extensively to indicate the source of, and to promote, its world renowned cruise ship services. Royal

Caribbean prominently displays its ROYAL CARIBBEAN Marks throughout its ships, in its extensive advertising and marketing materials and programs, on the website it provides under its royalcaribbean.com domain name, on merchandise, on uniforms worn by Royal Caribbean's staff, and in other contexts.

21.     As a result of the international success of Royal Caribbean's services for more than forty-five years, consumers strongly associate the ROYAL CARIBBEAN Marks with Royal Caribbean's business, and Royal Caribbean has enjoyed considerable success under these Marks.  For example, Royal Caribbean currently operates a fleet of 22 ships under the Marks, each of which offer an unparalleled travel experience, and in 2013 Royal Caribbean reported revenue of almost $8 billion under its portfolio of brands, including the ROYAL CARIBBEAN Marks.

**B.      Royal Caribbean's Website Plays A Critical Role In Its Business.**

22.     Royal Caribbean's website is one of the central means by which consumers obtain information concerning Royal Caribbean, its cruise ships, and the itineraries its ships sail.  Depending on a user's location in the world, Royal Caribbean's website allows the user to (a) purchase cruises, (b) sign up for ship and shore-side amenities and activities, (c) check in for the cruise before departure, and (d) reserve and purchase additional ship and shore-side amenities and activities during the cruise.  Much of the advertising for Royal Caribbean contains a "call to action" inviting consumers to visit its website at royalcaribbean.com.

23.     Royal Caribbean permits authorized online resellers to market and sell Royal Caribbean's services and use the ROYAL CARIBBEAN Marks in connection with those efforts.

**C.    The Defendant Domain Names Are Registered and Used In Bad Faith, And Unequivocally Create a Likelihood of Confusion.**

24.    Bindu, the registrant of the Defendant Domain Names, has registered the Defendant Domain Names to wrongfully profit from the goodwill and reputation of Royal Caribbean and its distinctive ROYAL CARIBBEAN Marks.

25.    The Defendant Domain Names seek to misdirect potential customers from Royal Caribbean's website by exploiting common misspellings of the word "CARIBBEAN," as follows:

| Domain Name | Owner/ Registrant |
|---|---|
| royalcaribbean.com | Royal Caribbean |
| royalcaribean.com | Bindu |
| royalcarribean.com | Bindu |

26.    Potential customers of Royal Caribbean who mistype the Defendant Domain Names are directed to an Internet website that, among other features, displays (a) the ROYAL CARIBBEAN Marks, (b) a picture of one of Royal Caribbean's cruise ships bearing Royal Caribbean's famous crown and anchor logo (which is also a registered trademark of Royal Caribbean with US Reg. No. 1,838,554), and (c) a color scheme and look and feel similar to Royal Caribbean's website (the "Trade Display" and the "Competing Website," respectively). Attached as Exhibit 4 are sample screenshots of the Competing Website.

27.    The Defendant Domain Names, in combination with the Trade Display, suggest that Royal Caribbean sponsors, endorses, or is affiliated with the Defendant Domain Names and Competing Website.

28.     The Defendant Domain Names and the Competing Website are not affiliated with, endorsed by, or sponsored by Royal Caribbean, and the Competing Website has no authority to offer the Trade Display.

29.     The Defendant Domain Names accordingly create a likelihood of immediate consumer confusion as to the source of the Competing Website.

30.     Bindu had a bad faith intent to profit from the ROYAL CARIBBEAN Marks.

31.     The ROYAL CARIBBEAN Marks were distinctive and famous as of the time Bindu registered the Defendant Domain Names, and the Defendant Domain Names are confusingly similar to the ROYAL CARIBBEAN Marks.

32.     Bindu has no legitimate interest in, no right to bona fide noncommercial use, and no right to fair use of the Defendant Domain Names.

33.     Bindu intended to divert customers from Royal Caribbean's website under its royalcaribbean.com domain name to a website under the Defendant Domain Names that could harm the goodwill represented by the ROYAL CARIBBEAN Marks.

34.     Upon information and belief, Bindu intentionally provided fictitious and/or incomplete contact information to Network Solutions when registering the Defendant Domain Names.

## COUNT UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (15 U.S.C. § 1125(d))

35.     Royal Caribbean repeats and incorporates by reference the allegations set forth in paragraphs 1 through 34 above.

36.    Royal Caribbean owns the exclusive trademark rights to its distinctive ROYAL CARIBBEAN Marks, US Reg. Nos. 1,397,148, 1,667,873, and 2,408,022.

37.    The ROYAL CARIBBEAN Marks constitute famous marks pursuant to 15 U.S.C. § 1125 and qualified as such before and at the time of the Defendant Domain Names' registrations.

38.    Royal Caribbean has satisfied the jurisdictional and other requirements for bringing this *in rem* action.

39.    The Defendant Domain Names are confusingly similar to, and dilutive of the ROYAL CARIBBEAN Marks.

40.    The Defendant Domain Names, standing alone, create a likelihood of confusion, and infringe Royal Caribbean's rights in its ROYAL CARIBBEAN Marks and royalcaribbean.com domain name.

41.    The Defendant Domain Names, together with the Competing Website, create a likelihood of confusion, and infringe Royal Caribbean's rights in its ROYAL CARIBBEAN Marks and royalcaribbean.com domain name.

42.    Bindu registered the Defendant Domain Names in bad faith, and continues to hold the Defendant Domain Names in bad faith.

43.    The registration of the Defendant Domain Names and their continued use in resolving to the Competing Website is causing and is likely to cause substantial and irreparable injury to the consuming public and Royal Caribbean.

44.    For the above-stated reasons, Royal Caribbean is entitled to an order transferring to it the Defendant Domain Names, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

## PRAYER FOR RELIEF

WHEREFORE, Royal Caribbean prays for judgment against the Defendant Domain Names as follows:

1.     That Network Solutions be ordered to register the Defendant Domain Names in the name of Royal Caribbean; and

2.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Royal Caribbean demands a jury trial on all issues so triable by a jury.

Royal Caribbean Cruises, Ltd.

By its attorneys,

Dated:  March 26, 2015

_____/s/ Scott D. Ponce_____
Scott D. Ponce (FBN 0169528)
Sanford L. Bohrer (FBN 160643)
HOLLAND & KNIGHT LLP
Attorneys for Plaintiff
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)
Email: sponce@hklaw.com
Email: sbohrer@hklaw.com

Of Counsel:

Ieuan G. Mahony
Elizabeth R. Burkhard
Samuel L. Taylor
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116

#34789532_v7